FILED

09/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0491



# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0491

HARLAN GERALD VASKA,

Petitioner,

v.

D.J. GODFREY, WARDEN,
CROSSROADS CORRECTIONAL CENTER,

Respondent.

ORDER

Harlan Gerald Vaska petitions this Court for habeas corpus relief, requesting his immediate release from prison. Vaska is being held in the Crossroads Correctional Center in Shelby, Montana, and we amend the caption to include the current Warden's name. Section 46-22-201(1)(c), MCA.

This Court is familiar with some of Vaska's sentencing history. In 2018, he challenged a December 2011 hearing in the Twentieth Judicial District Court, Lake County, in a petition for habeas corpus relief. *Vaska v. McTighe*, No. OP 18-0675, Order (Mont. Dec. 11, 2018) (*Vaska II*).[1] We stated then:

> On September 23, 2010, in open court, the Twentieth Judicial District Court, Lake County, accepted Vaska's guilty plea to felony driving under the influence of alcohol or drugs (DUI). The District Court sentenced him to the Montana State Prison (MSP) for fifteen years with ten years suspended. The minute entry reflects that corrections were made to the presentence investigation report concerning the number of DUIs. This entry noted that this DUI was Vaska's ninth one. The written Judgment was signed and filed

---

[1] In July 2018, Vaska sought a writ of supervisory control in the same underlying criminal case (Lake County Cause No. DC-09-136), and this Court denied his petition. *Vaska v. Twentieth Judicial Dist. Ct.*, No. OP 18-0376, Order (Mont. Jul. 17, 2018) (*Vaska I*).

in December 2010. About a year later, the District Court issued an Amended Judgment to clarify that the court designated Vaska as a persistent felony offender and sentenced him as such. The court also held a hearing on December 8, 2011, to address Vaska's concerns about not seeing all of the evidence prior to conviction.

*Vaska II*, at 1.

Vaska puts forth that his sentence and incarceration are illegal. Vaska refers to three sentences in his Petition and that he has discharged two of them, according to an attachment. He states that "[t]here are 11 years between the discharge of DC-87-66 on June 21, 1991 and the felony DUI in DC-02-112 on August 8, 2002." He further states that because his sentence in "DC-09-136 is an active sentence[,] [t]his makes DC-02-112 and DC-87-66 still active." Vaska raises claims about "discrepancies" in his criminal record, dating back to 2003. Vaska requests not to be charged "with any more time."

Vaska is correct that his Lake County sentence for his 2010 DUI is still active. However, that active sentence does not re-activate older sentences. He is mistaken that he is serving his older sentences. As reflected in his attached June 2, 2021 Report of Violation to the Board of Pardons and Parole, Vaska discharged his sentence for the 1987 case on June 21, 1991 (Cause No. DC-87-66), and he discharged his 2002 case on August 26, 2009 (Cause No. DC-02-112). We point out that in January 2023, Vaska received another sentence for DUI in the Lake County District Court. Through counsel, he has an appeal pending with this Court. *State v. Vaska*, No. DA 23-0096.

Vaska brings his other claims concerning discrepancies too late to this Court and through the wrong remedy. Vaska has not shown illegal incarceration or that he is serving an illegal sentence. Section 46-22-101(1), MCA. He is not entitled to the relief requested. Vaska is not entitled to his immediate release. Accordingly,

IT IS ORDERED that Vaska's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: counsel of record; James Allen Lapotka; Cori Danielle Losing; Joshua James Thornton; Chad M. Wright; and Harlan Gerald Vaska personally.

DATED this 10th day of September, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

FILED

SEP 10 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana